**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **FREDERICK J. SOUDER, III,** | * | |
| PLAINTIFF, | * | |
| V. | * | CASE NO.: PWG-13-2809 |
| **U.S. NAVY,** *et al.*, | * | |
| DEFENDANTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

In early 2005, Plaintiff Frederick J. Souder, III suspected that his employer, the United States Navy, may have lost some of his employment records that documented training that he received. In late 2012, he filed an administrative claim regarding the purported loss of the records. When this claim did not redress his complaint, he filed this Federal Tort Claims Act action. I must determine whether Plaintiff's administrative claim was timely, despite this more than seven-year lapse.[1]  I conclude that it was not, and consequently Plaintiff failed to exhaust his administrative remedies. Consequently, I will dismiss Plaintiff's Complaint.

---

[1] The United States of America, which acknowledges that it is the proper defendant for Plaintiff's Federal Tort Claims Act case, has moved to dismiss. ECF No. 8; *see* Def.'s Mem. 5, ECF No. 8-1. The parties fully briefed the motion, including in Plaintiff's Surreply. ECF Nos. 8-1, 14, 15, 17-1. A hearing is not necessary. *See* Loc. R. 105.6. Plaintiff's Motion for Leave to File Surreply, ECF No. 17, which the Government opposed, ECF No. 18, IS GRANTED, and for the reasons stated in this Memorandum Opinion and Order, Defendant's Motion to Dismiss IS GRANTED. This Memorandum Opinion and Order disposes of ECF Nos. 8 & 17.

**I. BACKGROUND**[2]

Plaintiff "has been a Navy civilian employee for over 28 years helping and aiding the United States Military as a Naval ship, submarine and prototype model builder." Compl. ¶ 2, ECF No. 1.[3] During that time, "Mr. Souder received many commendations and certificates (apprenticeships etc.) of classroom completion in his field of U.S. Naval ship and prototype model building." *Id.* His personnel folder ("OPF") contained "all his pertinent job training and schooling documentation (two apprenticeships: a two year printing and a five year Modelmaking etc.) and training certificates." *Id.* ¶ 9.

He claims that "in 2004 . . . he noticed his training records were missing" and he "made a request to look at his OPF [personnel folder]." *Id.* ¶ 8. Plaintiff learned from Lavern Gilchrist in human resources ("HR") that "personnel . . . had switched all employee training records over to an electronic database." *Id.* He emailed Gilchrist repeatedly about retrieving his records from the database, but she did not respond. *Id.*; Admin. Cl. Att. 2.[4] Plaintiff emailed Linda Florian in HR on March 23, 2005, stating that he "never got any reply[] from Ms. Gilchrist about the training record problem" and contending that Gilchrist "evidently lost [his] training records." Admin. Cl. Att. 1. Florian replied the next day, explaining, *id.*:

> Your records were not lost. When we converted to the region (in 1999 I believe) everyone's OPFs [were] condensed and all training records were mailed to the employee. All HR folks (myself included) mailed all training records to employees. [S]ome employees lost them, some threw them away, etc. This did not however, remove them from the training database. Whatever training

---

[2] For purposes of considering Defendant's Motion, this Court accepts the facts that Plaintiff alleged in his Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

[3] Plaintiff was self-represented at the time he filed his Complaint, but he retained counsel prior to opposing Defendant's Motion to Dismiss. ECF No. 10.

[4] Plaintiff filed his Administrative Claim and all attachments to it as Exhibit 1 to his Complaint, ECF No. 1-1.

> Carderock paid for, is in the system. I will request a training history for you and send it to you as soon as I get it.

Plaintiff claims that he "never heard anything back" until September 2010, when he filed a request for his "training records" on September 28, 2010, after learning via the Internet that "he could request copies of certain parts of his records from his personnel department." Compl. ¶¶ 8–9. In response to his request, he received an email dated September 30, 2010, in which Jacqueline Wourman from personnel informed him that "HRSC OPF room reviewed the file of Frederick Souder III. There is [sic] no training records in the file." Admin. Cl. Att. 4.

Souder asserts that "his worst fears hand [sic] been confirmed; all his pertinent job training and schooling documentation . . . and training certificates that had originally been in his OPF were missing." Compl. ¶ 9. He claims that, unlike other employees, he never received hard copies of his training records. *Id.* ¶ 10. Plaintiff filed suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, asserting the loss of his training records and alleging that "the negligent and wrongful acts and omissions of agents and employees of the United States Government" caused him "loss of job promotion, income, [and] salary increases," as well as emotional distress. *Id.* ¶ 3. He claims that, by "timely serv[ing] . . . notice of his claim on the Office of the Secretary of the Navy at two locations . . . which were received September 25, and September 27, 2012," he complied with the jurisdictional requirements of 28 U.S.C. § 2675, Compl. ¶¶ 5–6, which requires that a claimant "first present[] the claim to the appropriate Federal agency" and have the agency "make final disposition of [the] claim" before commencing an action "upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 2675(a) .

The Government moves to dismiss for lack of subject matter jurisdiction, arguing that, contrary to Plaintiff's assertion, he did not comply with 28 U.S.C. § 2675(a). Def.'s Mem. 6. According to the Government, "Mr. Souder had knowledge as early as late 2004 and early 2005 that his training records were lost, but he failed to pursue his administrative remedies until October 3, 2012," well beyond the two-year statute of limitations provided in 28 U.S.C. § 2401(b) for filing an administrative claim. *Id.* at 2, 6.

## II. STANDARD OF REVIEW

When a defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, asserting that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," as the Government does here for failure to exhaust administrative remedies, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see Lutfi v. United States*, 527 F. App'x 236, 241 (4th Cir. 2013); *Fianko v. United States*, No. PWG-12-2025, 2013 WL 3873226, at *4 (D. Md. July 24, 2013). Indeed, as "[i]t is today reasonably clear that a failure to exhaust administrative remedies based on untimely filings is not an issue of subject matter jurisdiction," the proper framework for analyzing a motion to dismiss for untimeliness in pursuing administrative remedies is that provided by Fed. R. Civ. P. 12(b)(6). *See Brown v. McKesson Bioservices Corp.*, No. DKC-05-0730, 2006 WL 616021, at *3 (D .Md. Mar. 10, 2006); *Upshaw v. Tenenbaum*, No. PWG-12-3130, 2013 WL 3967942, at *4 n.3 (D. Md. July 31, 2013). Thus, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *see In re KBR, Inc., Burn Pit Litig.*, 925 F. Supp. 2d

752, 758 (D. Md. 2013) (quoting *Kerns*, 585 F.3d at 192). "[W]hen 'jurisdictional facts are inextricably intertwined with those [facts] central to the merits, the [district] court should resolve the relevant factual disputes only after appropriate discovery.'" *Blitz v. Napolitano*, 700 F.3d 733, 739 (4th Cir. 2012) (quoting *Kerns*, 585 F.3d at 193).

The Court must act "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citations omitted), and must "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). That said, "'factual allegations must be enough to raise a right to relief above a speculative level.'" *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 472–73 (D. Md. 2009) (quoting *Twombly*, 550 U.S. at 545). Particularly, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted).

In reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir.

1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC-10-2853, 2011 WL 1375970, at *2–3 (D. Md. Apr. 12, 2011).

## III. DISCUSSION

Through the FTCA, the Government provides a limited waiver of its sovereign immunity, and "the circumstances of its waiver must be scrupulously observed and not expanded by the courts." *See Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (citing *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979)). Therefore, an aggrieved party "must file an FTCA action in careful compliance with its terms." *Id.* One "prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident." *Id.* (citing 28 U.S.C. § 2401(b) (1994)). Indeed, § 2401 provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).

Here, the issue is when Plaintiff's claim accrued. As Plaintiff sees it, his claim did not accrue until September 30, 2010, when he learned that his training records were lost. But, according to the Government, Plaintiff knew as much back in early 2005, and his claim accrued at that time.

> In FTCA cases, federal law governs the limitations period and the date when a claim accrues. *See, e.g.*, *Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991) ("State law determines whether there is an underlying cause of action; but federal law defines the limitations period and determines when that cause of action accrued.")[.] Under 28 U.S.C. § 2401(b), a "cause of action accrues under the FTCA when the plaintiff knows, or in the exercise of reasonable diligence should have known, that he is injured and of the cause of the injury." *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993) (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979); *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 742 (4th Cir. 1990).

*Trinkle v. United States*, No. CCB-11-3316, 2012 WL 1963393, at *3 (D. Md. May 31, 2012).

Plaintiff claims that the March 24, 2005 email did not put him on notice that his records were lost. At first glance, the email appears to support his position, as its first sentence states: "Your records were not lost." Admin. Cl. Att. 1. But, the email then explains that "OPFs [were] condensed and all training records were mailed to the employee." *Id.* Although the email states that Plaintiff's records were still in "the training database," it is abundantly clear from the email that they were no longer in his OPF. *See id.*

On its own, this email might not support the conclusion that, after its receipt, Plaintiff should have known that something was amiss, as it also states that someone in HR would "request a training history" for him. *See id.* Yet, Plaintiff admits that "in 2004 . . . he noticed his training records were missing." Compl. ¶ 8. And, significantly, the September 30, 2010 email that Plaintiff claims finally put him on notice contains the same information and nothing more: It states that there were "no training records in [his] file." Admin. Cl. Att. 4. If that statement was enough in 2010 to prompt Plaintiff to file an administrative complaint, it should have been enough in 2005. Therefore, Plaintiff should have known of the incident—the loss of the records from his OPF—as of March 24, 2005, and his claim accrued on that date. *See Muth*, 1 F.3d at 250; *Trinkle*, 2012 WL 1963393, at *3. Further, Plaintiff became suspicious in 2004, sent emails in 2005, and then, according to his Complaint, did not pursue the matter until late 2010.[5] These infrequent inquiries fall far shy of a showing of "reasonable diligence." *See Muth*, 1 F.3d at 250. Plaintiff had until March 24, 2007 to file his administrative claim, *see* 28 U.S.C. § 2401(b), but

---

[5] Even if I were to consider the April 2, 2007 letter Plaintiff wrote to Senator Barbara Mikulski, which Plaintiff attached to his Opposition and Defendant attached to its Motion to Dismiss, and in which Plaintiff complained that his "personnel folder was compromised" because his "training records and Certificates were removed illegally," Mikulski Ltr. 9, Pl.'s Opp'n Ex. A, ECF No. 14-1; *see also* Robert B. Thomas Decl. Att. C, Def.'s Mem. Att. A, ECF No. 8-5, one additional letter at the midpoint of a five-year span would not show "reasonable diligence." *See Muth*, 1 F.3d at 250.

failed to do so until September 2012, more than five years too late. Consequently, Plaintiff failed to exhaust his administrative remedies prior to filing suit in this Court. *See Kokotis*, 223 F.3d at 278.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File Surreply, ECF No. 17, IS GRANTED, and Defendant's Motion to Dismiss, ECF No. 8, IS GRANTED. The Clerk is directed to CLOSE THIS CASE.


Dated: September 22, 2014                              /S/
                                                Paul W. Grimm
                                                United States District Judge

lyb